## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| **In re:**                                                          ) | |
| ) | Case No. 19-00730-5-JNC |
| **CAH ACQUISITION COMPANY #1, LLC**         ) | |
| **d/b/a WASHINGTON COUNTY HOSPITAL,**    ) | Chapter 11 |
| ) | |
| **Debtor.**                                                       ) | |
| ) | |
| **THOMAS W. WALDREP, JR., AS**                     ) | |
| **LIQUIDATING TRUSTEE,**                              ) | |
| ) | Adv. Proc. No. 22-00101-5-JNC |
| **Plaintiff,**                                                     ) | |
| ) | |
| v.                                                                     ) | |
| ) | |
| **REBOOT, INC. d/b/a HIPAA GUARD;**               ) | |
| **RURAL LAB OUTREACH, LLC; and**                ) | |
| **MICHAEL REECE,**                                         ) | |
| ) | |
| **Defendants.**                                                ) | |
| ) | |
| **In re:**                                                          ) | |
| ) | Case No. 19-01230-5-JNC |
| **CAH ACQUISITION COMPANY #2, LLC**         ) | |
| **d/b/a OSWEGO COMMUNITY HOSPITAL,**   ) | Chapter 11 |
| ) | |
| **Debtor.**                                                       ) | |
| ) | |
| **THOMAS W. WALDREP, JR., AS**                     ) | |
| **LIQUIDATING TRUSTEE,**                              ) | |
| ) | Adv. Proc. No. 22-00102-5-JNC |
| **Plaintiff,**                                                     ) | |
| ) | |
| v.                                                                     ) | |
| ) | |
| **REBOOT, INC. d/b/a HIPAA GUARD;**               ) | |
| **RURAL LAB OUTREACH, LLC; and**                ) | |
| **MICHAEL REECE,**                                         ) | |
| ) | |
| **Defendants.**                                                ) | |

1

2

| | |
|---|---|
| In re: | |
| | Case No. 19-01180-5-JNC |
| **CAH ACQUISITION COMPANY #3, LLC d/b/a HORTON COMMUNITY HOSPITAL,** | Chapter 11 |
| Debtor. | |
| **THOMAS W. WALDREP, JR., AS LIQUIDATING TRUSTEE,** | |
| | Adv. Proc. No. 22-00103-5-JNC |
| Plaintiff, | |
| v. | |
| **REBOOT, INC. d/b/a HIPAA GUARD; RURAL LAB OUTREACH, LLC; and MICHAEL REECE,** | |
| Defendants. | |
| In re: | |
| | Case No. 19-01300-5-JNC |
| **CAH ACQUISITION COMPANY 6, LLC d/b/a I-70 COMMUNITY HOSPITAL,** | Chapter 7 |
| Debtor. | |
| **THOMAS W. WALDREP, JR., AS CHAPTER 7 TRUSTEE,** | |
| | Adv. Proc. No. 22-00104-5-JNC |
| Plaintiff, | |
| v. | |
| **REBOOT, INC. d/b/a HIPAA GUARD; RURAL LAB OUTREACH, LLC; and MICHAEL REECE,** | |
| Defendants. | |

| | |
|---|---|
| In re:<br><br>CAH ACQUISITION COMPANY 7, LLC<br>d/b/a PRAGUE COMMUNITY HOSPITAL,<br><br>      Debtor. | Case No. 19-01298-5-JNC<br><br>Chapter 11 |
| THOMAS W. WALDREP, JR., AS<br>LIQUIDATING TRUSTEE,<br><br>      Plaintiff,<br><br>    v.<br><br>REBOOT, INC. d/b/a HIPAA GUARD;<br>RURAL LAB OUTREACH, LLC; and<br>MICHAEL REECE,<br><br>      Defendants. | Adv. Proc. No. 22-00105-5-JNC |
| In re:<br><br>CAH ACQUISITION COMPANY 12, LLC<br>d/b/a FAIRFAX COMMUNITY HOSPITAL,<br><br>      Debtor. | Case No. 19-01697-5-JNC<br><br>Chapter 11 |
| THOMAS W. WALDREP, JR., AS<br>LIQUIDATING TRUSTEE,<br><br>      Plaintiff,<br><br>    v.<br><br>REBOOT, INC. d/b/a HIPAA GUARD;<br>RURAL LAB OUTREACH, LLC; and<br>MICHAEL REECE,<br><br>      Defendants. | Adv. Proc. No. 22-00106-5-JNC |

3

| | |
|---|---|
| In re:<br><br>**CAH ACQUISITION COMPANY 16, LLC**<br>**d/b/a HASKELL COUNTY COMMUNITY**<br>**HOSPITAL,**<br><br>　　　　　　Debtor. | )<br>)  Case No. 19-01227-5-JNC<br>)<br>)  Chapter 11<br>)<br>)<br>)<br>) |
| **THOMAS W. WALDREP, JR., AS**<br>**LIQUIDATING TRUSTEE,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**REBOOT, INC. d/b/a HIPAA GUARD;**<br>**RURAL LAB OUTREACH, LLC; and**<br>**MICHAEL REECE,**<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)  Adv. Proc. No. 22-00107-5-JNC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
## DEFENDANTS' AFFIRMATIVE DEFENSES

Pursuant to Rule 7007-1(a) of the Local Rules of Practice and Procedure of this Court. Plaintiff Thomas W. Waldrep, Jr. (the "Trustee"),[1] in his capacity as Litigation Trustee of the above-captioned cases[2] (with the exception of the case of CAH Acquisition Company 6 LLC where he acts in his capacity as Chapter 7 trustee), submits this Memorandum in support of his *Motion to Strike Defendants' Affirmative Defenses* (the "Motion to Strike"), seeking entry of an order pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the complaints filed by the Trustee on June 6, 2022 (the "Complaints").

[2] The debtors in the underlying cases (the "Debtors") are: CAH Acquisition Company #1, LLC d/b/a Washington County Community Hospital ("CAH 1," Case No. 19-00730); CAH Acquisition Company #2, LLC d/b/a Oswego Community Hospital ("CAH 2," Case No. 19-01230); CAH Acquisition Company #3, LLC d/b/a Horton Community Hospital ("CAH 3," Case No. 19-01180); CAH Acquisition Company 6, LLC d/b/a I-70 Community Hospital ("CAH 6," Case No. 19-01300); CAH Acquisition Company 7, LLC d/b/a Prague Community Hospital ("CAH 7," Case No. 19-01298); CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital ("CAH 12," Case No. 19-01697); and CAH Acquisition Company 16, LLC d/b/a Haskell County Community Hospital ("CAH 16," Case No. 19-01227).

4

Rules") and Rule 12(f) of the Federal Rules of Civil Procedure (the "Civil Rules") striking the "affirmative defenses" component of the *Answer, Affirmative Defenses, Motion to Dismiss and Supporting Law* (the "Responsive Pleading") filed on July 27, 2022 by defendants Reboot, Inc., d/b/a HIPAA GUARD ("Reboot"); Rural Lab Outreach, LLC ("RLO"); and Michael Reece ("Reece," altogether with Reboot and RLO, the "Defendants") in the above-captioned adversary proceedings. In support of the Motion to Strike, the Trustee respectfully states as follows:

## INTRODUCTION

The Trustee alleges that the Debtors' and creditors thereof were defrauded by two fraudulent laboratory billing schemes, and the above-captioned Defendants aided materially—and benefitted financially—in the latter scheme, the Empower Scheme. In response, the Defendants (despite the clear directives of the Civil Rules) have filed a consolidated Responsive Pleading (i) beginning with an answer to the Complaints, (ii) raising purported affirmative defenses that improperly refute factual allegations, and (iii) concluding with a motion to dismiss that refuses to acknowledge key factual allegations or treat them as true, *see*, Responsive Pleading, at ¶¶ 154–55, 160, 173, 179, and refers to materials not before the Court, *see*, Responsive Pleading, at ¶ 165.

The Defendants' purported defenses are insufficient as a matter at law and, at best, consist of redundant or immaterial denials of factual allegations. Therefore, they should be stricken from the Responsive Pleading.

## FACTUAL AND PROCEDURAL BACKGROUND

The Trustee has asserted causes of action against Defendants for (i) avoidance of constructive fraudulent transfers under the Bankruptcy Code;[3] (ii) avoidance of constructive fraudulent transfers under applicable state law; (iii) avoidance of actual fraudulent transfers under

---

[3] 11 U.S.C. §§101, *et seq.*

the Bankruptcy Code; (iv) avoidance of actual fraudulent transfers under applicable state law;[4] (v) violations of the North Carolina Unfair and Deceptive Trade Practice Act (the "NC UDTPA"); and (vi) piercing the corporate veil between Reboot, RLO, and their owner, Reece.

On July 27, 2022, the Defendants filed the Responsive Pleading, which is comprised of the "answer" component, which asserts both insufficient information and denial to the fullest extent possible as to all allegations of the Complaints except for admissions of the Defendants' existence, Responsive Pleading, at ¶¶ 12–14); a specific denial of the allegation that Defendant Reece "orchestrat[ed] or implement[ed] the Empower Scheme[,]" id. at ¶ 49, and an admission of the factual allegations concerning training of the Debtors' laboratory employees asserted in Paragraph 51 of the Complaints, id. at ¶ 51.

The Defendants also assert several purported affirmative defenses: (i) the Defendants did not know about alleged improper billing practices in either the Verifi Scheme or the Empower Scheme (¶ 136); (ii) RLO's solicitation of lab samples from physicians for processing by local hospitals was a common medical industry practice (¶ 138); (iii) Reboot acted in "good faith" in providing IT services to the Debtors (¶ 140); and (iv) an unfinished statement concerning whether transfers to RLO ever occurred (¶ 142).

The "motion to dismiss" component[5] begins by appearing to acknowledge (or at least reciting) some of the factual allegations of the Complaints, including (i) allegations regarding Defendant Reece's actions soliciting Marketers, negotiating kickbacks, directing participating labs to conceal their identities on lab forms, and employing Marketers (Responsive Pleading, at

---

[4] The transfers underlying the first four causes of action include the total of $646,573 received by Reboot from the Debtors' management companies, HMC/CAH and HAC, following the commencement of the Empower Scheme as well as $197,370.90 received by RLO from HAC in May of 2018.

[5] The Trustee is submitting a memorandum in opposition to the "motion to dismiss" contemporaneously herewith on the bases that it (i) was untimely and procedurally deficient, (ii) asserts arguments that contradict the pleaded factual allegations of the Complaints, and (iii) refers to purportedly-exculpatory materials not properly before the Court.

6

¶ 149(e)); (ii) allegations regarding RLO's role in contracting with Marketers on the behalf of the Debtors (*id.* at ¶ 149(f)); (iii) allegations that Reece was compensated to cause these acts to happen (*id.* at ¶ 149(g)); and (iv) detailed allegations regarding RLO's role training the Debtors' laboratory staff (*id.* at ¶ 149(g)). The Defendants do not acknowledge the Complaints' allegations regarding the flow of lab scheme revenues (Complaints, at ¶ 34) or the scope of the alleged liabilities borne by the Debtors' estates arising therefrom (*see id.*, at ¶¶ 33–35).[6]

## ARGUMENT

Civil Rule 8(c) authorizes a party filing a responsive pleading to assert affirmative defenses therein. Fed. R. Civ. P. 8(c). Affirmative defenses are excuses from liability <u>even if the facts supporting a claim are presumed to be true</u>. *See, e.g.*, *Safeway Transit LLC v. Discount Party Bus, Inc.*, 954 F.3d 1171, 1182 (8th Cir. 2020) (citing *Defense*, BLACK'S LAW DICTIONARY (11th ed. 2019)); *Bell v. Taylor*, 827 F.3d 669, 705 (7th Cir. 2016) (same); *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999); *Addison v. City of Baker City*, 258 F. Supp. 3d 1207, 1239 (D. Ore. 2017) (citations omitted). Defendants asserting affirmative defenses are required to demonstrate factual plausibility of the same. *Racick v. Dominion Law Associates*, 270 F.R.D. 228, 233–34 (E.D.N.C. 2010).

Civil Rule 8(c) contains various enumerated affirmative defenses, including accord and satisfaction, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, statutes of limitation, and waiver. Fed. R. Civ. P. 8(c). Each of those defenses, if proven, defeats a plaintiff's claim even if the plaintiff's factual allegations are true.

---

[6] Several insurance companies, including Aetna, Cigna, and Blue Cross Blue Shield affiliates, have filed claims in the Debtors' cases premised on overpayment for laboratory tests billed by the Debtors. For example, Blue Cross Blue Shield of North Carolina alone holds a general unsecured claim in excess of $4 million against the estate of CAH 1. *See* Case No. 19-00730, ECF No. 1173.

Purported affirmative defenses that merely deny a plaintiff's factual allegations or arguments regarding the plaintiff's theory of liability, by contrast, are not proper affirmative defenses. *See*, *Bell*, 827 F.3d at 704–05 (holding that a defendant's "affirmative defense" in a copyright infringement action—that the plaintiff identified the wrong photograph in his complaint—was not an affirmative defense, but a denial); *Addison*, 258 F. Supp. 3d at 1239–40 (holding that a defamation defendant's "affirmative defense," that his speech was entitled to "some measure of First Amendment protection" could not be an affirmative defense because it only pertained to the standard of culpability by which the plaintiff must prove his case).

Civil Rule 12(f) authorizes a federal court to strike an "insufficient defense" from a responsive pleading, as well as any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An insufficient defense is one that is "clearly invalid as a matter of law," *Spell v. McDaniel*, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984) (quoting *Anchor Hocking Corp. v. Jacksonville Electric Authority*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)), or patently frivolous, *Shenandoah Life Ins. Co. v. Hawes*, 37 F.R.D. 526, 529 (E.D.N.C. 1965).

"'[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380, 647, §1381, 665 (2d ed. 1990)). The striking of invalid defenses avoids the burdens of unnecessary time and money litigating spurious issues any further. *See, e.g.*, *United States v. 416.18 Acres of Land*, 514 F.2d 627, 637 (7th Cir. 1975); *Purex Corp. v. General Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970).

Defendants do not assert any cognizable affirmative defenses. The asserted affirmative defenses conflate affirmative defenses with outright denials of the Trustee's factual allegations,

8

raising issues that are legally insufficient to constitute a defense, repeating denials from the "answer" component of the Responsive Pleading, and raising no material questions or theories of exculpation under the pleaded factual allegations of the Complaints.

The Defendants raise, as their first affirmative defense, that they did not know about alleged improper billing practices in either the Verifi Scheme or the Empower Scheme. Responsive Pleading, at ¶ 136. The Complaint alleges that the Defendants, specifically, Reece as an individual and acting through his entities, were knowing participants in the Empower Scheme, including his directions to laboratories to conceal their identities on test documents and his training of the Debtors' laboratory staff. Complaints, at ¶¶ 49–51. Defendants' "affirmative defense" is a denial of these allegations. To that end, it is legally insufficient to constitute a defense.

Defendants second affirmative defense is that RLO's solicitation of laboratory samples from physicians for processing by local hospitals was a common medical industry practice. Responsive Pleading, at ¶ 138. This purported defense again fails to accept the Trustee's factual allegations as true. The Trustee does not allege that samples were processed by the Debtors' laboratories. Rather, the <u>entire crux</u> of the allegations of the Complaints is that the Hospitals <u>did not perform</u> the laboratory tests—the tests in question concerned (i) non-patients of the Debtors, (ii) with other laboratories performing the tests in exchange for kickbacks, (iii) with those kickbacks being facilitated by billing private insurance companies for the laboratory tests at higher rates through the Debtors' billing credentials. Complaints, ¶¶ 43–48. This, too, is a mere denial of the Complaints' factual allegations, not an affirmative defense.

Defendants' third affirmative defense is that Reboot acted in "good faith" in providing IT services to the Debtors. Responsive Pleading, at ¶ 140. However, while good faith compliance with applicable regulations may be an appropriate defense to certain causes of action under specific

9

statutory schemes, *see Aguilar-Gamas v. Scott Farms, Inc.*, Case No. 5:13-CV-447-FL, 2014 WL 12769404, at *3 (Jan. 6, 2014) (refusing to strike a good faith compliance defense to plaintiff's Fair Labor Standards Act claims), the Trustee's claim does not arise any such statute. Regardless, Defendants are again simply denying the allegations of the Complaints. The Trustee's factual allegations and inferences flowing therefrom adequately plead the knowing conduct by Reece (Reboot's owner, officer, and director), acting individually and through his entities, in furtherance of the Empower Scheme. Like the first and second "affirmative defenses," this, too, is legally insufficient.

Finally, Defendants assert an unfinished statement denying that RLO had revenues, specifically attacking the factual allegations of the Complaints and Exhibit C thereto. *See*, Responsive Pleading, at ¶ 142. Again, this is a mere denial of the Trustee's allegations and is not a proper affirmative defense.

## CONCLUSION

The "affirmative defenses" in the Responsive Pleading are not sufficient defenses properly raised under Civil Rule 8(c). Instead, they are mere denials of the factual allegations of the Complaints, rely on propositions based fundamentally in a misreading of the factual allegations, and in part relate to confusing, inapplicable issues. The Trustee respectfully requests that the "affirmative defenses" in the Responsive Pleading be stricken in order to avoid the costs and time of litigating these issues through the next steps in these cases.

Respectfully submitted, this the 17th day of August, 2022.

/s/ Micah E. Marcus
Micah E. Marcus (IL State Bar No. 6257569)
Christopher Allen (IL State Bar No. 6298965)
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654

Telephone: (312) 280-0111
Facsimile: (312) 280-8232
mmarcus@mcdonaldhopkins.com
callen@mcdonaldhopkins.com

-and-

*/s/ Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James D. Wall (NC State Bar No. 17947)
J. Dennis Bailey (NC Bar No. 12847)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC State Bar No. 39871)
John R. Van Swearingen (NC State Bar No. 53646)
WALDREP WALL BABCOCK & BAILEY PLLC
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-722-6300
Telefax: 336-722-1993
Email: notice@waldrepwall.com

*Attorneys for the Plaintiff*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the forgoing **MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** was filed electronically in accordance with the Local Rules and served on this date upon the parties listed below by electronic service through the CM/ECF system or by United States First Class Mail.

Via CM/ECF

Eric J. Langston

*Counsel for defendants Reboot, Inc. d/b/a HIPAA GUARD; Rural Lab Outreach, LLC; and Michael Reece*

Jill Walters

*Counsel for defendants Reboot, Inc. d/b/a HIPAA GUARD; Rural Lab Outreach, LLC; and Michael Reece*

This, the 17th day of August, 2022.

**WALDREP WALL BABCOCK
& BAILEY PLLC**

*/s/ Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James D. Wall (NC State Bar No. 17947)
J. Dennis Bailey (NC Bar No. 12847)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC State Bar No. 39871)
John R. Van Swearingen (NC State Bar No. 53646)
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-722-6300
Telefax: 336-722-1993
Email: notice@waldrepwall.com

*Attorneys for the Plaintiff*